MATTHEW J. OLSON - SBN 265908
olson.matt@dorsey.com
DORSEY & WHITNEY LLP
305 Lytton Avenue
Palo Alto, CA 94301
Telephone: (650) 857-1717
Facsimile: (650) 857-1288

Attorneys for Creditor Patch Homes, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>RAMANI SRINIVASAN,<br><br>Debtor. | CASE NO. 20-40541-WJL-13<br><br>PATCH HOMES, INC.'S STATEMENT REGARDING MILESTONE FINANCIAL, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY INCLUDING IN REM RELIEF<br><br>Date: March 17, 2020<br>Time: 9:30 a.m.<br>Place: Courtroom 220<br>1300 Clay Street, 2nd Floor<br>Oakland, California |

COMES NOW Patch Homes, Inc., Secured Creditor herein, which submits this statement concerning the *Motion for Relief from the Automatic Stay Including In Rem Relief* (the "Motion") filed by Milestone Financial, LLC:

1. Counsel for Patch Homes appeared at the hearing on the Motion on March 17, 2020, but due to technical difficulties with the CourtCall system the Court was having trouble understanding counsel's argument concerning the Motion. While written opposition to the Motion in advance of the hearing was not required, *see* L.B.R. 4001-1(f), the Court directed Patch Homes to file a statement concerning the Motion which the Court would consider.

2. As alleged in the Motion and the supporting information sheet, Patch Homes holds a deed of trust against the Property which is the subject of this Motion. It appears from the

-1-

PATCH HOMES' STATEMENT RE MOTION FOR RELIEF
CASE NO. 20-40541-WJL-13
Case: 20-40541    Doc# 18    Filed: 03/17/20    Entered: 03/17/20 11:07:13    Page 1 of 4

moving papers that Patch Homes' interest is junior to that of Milestone. To the extent required, Patch Homes is prepared to offer evidence concerning its interest in the Property.

3. Patch Homes was not served with the Motion. It only learned of the hearing by chance on Friday, March 13, 2020, while it was retaining counsel. Because of the press of other business and the fallout from the COVID-19 issues present in the Northern District of California, counsel for Patch Homes was unable to discuss its concerns with counsel for Milestone in advance of the hearing.

4. Despite not being served with the Motion,[1] Patch Homes does not, in principal, oppose the granting of relief from stay. Patch Homes' chief concern is over the waiver of the 14-day stay of enforcement under Federal Rule of Bankruptcy Procedure 4001(a)(3).

5. Wavier of the stay of enforcement is a critical issue here. Patch Homes has only recently engaged counsel and needs time to analyze the case to make its own decisions on how to protect its interests and to work with Milestone to ensure a commercially reasonable foreclosure process. The 14-day stay of enforcement will allow Patch Homes the time to make those decisions, time to work with Milestone to ensure a commercially reasonable foreclosure which maximizing the Property's value and recovery for all secured creditors, time to bring its own motion for relief to protect its interests, and time to decide if it should seek reconsideration of the Court's order on the Motion based on its review of the case following this expedited hearing.

6. Critically, Patch Homes understands that Milestone has scheduled its foreclosure sale before the end of March 2020, and understands that such sale is scheduled to occur within Alameda County, California—the county in which the property is located. As widely reported within the Northern District of California, to protect public health local authorities have directed all people living within the County to shelter in place, banned "all public and private gatherings of any number of people outside a household or living unit," and prohibited conducting non-essential business. *See Order of the County Health Officer to Shelter in Place*, available at http://acphd.org/media/559658/health-officer-order-shelter-in-place-20200316.pdf. As wiedely

---

[1] Additionally, the Motion is not supported by evidence establishing Milestone's interest in the property.

-2-

reported within this judicial district, a similar order has been issued in six other counties surrounding the San Francisco Bay. The Alameda Superior Court has suspended operations until April 7, 2020, and this Court itself has restricted access to its courthouse. In this local public-health climate, it is unlikely that any sale will attract sufficient bidders or could be otherwise sufficiently marketed to be a commercially reasonable sale, seriously jeopardizing the chances that the Property will be sold for the highest and best price, directly impacting the chances that Patch Homes may recover on its interest in the collateral.

7. Counsel for Patch Homes conferred with counsel for Milestone regarding these issues following the hearing, but counsel for Milestone represented that she was without authority to agree to withdrawal the request for a waiver of the 14-day stay of enforcement.

8. Finally, Patch Homes requests the right to review any proposed order submitted by Milestone. *See* L.B.R. 9021-1(c).

WHEREFORE, Patch Homes requests that the 14-day stay of enforcement under Federal Rule of Bankruptcy Procedure 4001(a)(3) not be waived, or, alternatively, that the motion be denied for insufficient service of process.

Dated: March 17, 2020                                        DORSEY & WHITNEY LLP

By: /s/ Matthew J. Olson
MATTHEW J. OLSON
Attorneys for Creditor Patch Homes, Inc.

# PROOF OF SERVICE

I am employed in the County of Santa Clara. I am over the age of eighteen years and not a party to the within entitled action; my business address is 305 Lytton Avenue, Palo Alto, CA 94301.

On March 17, 2020, I served a copy of the following document(s) described as PATCH HOMES, INC.'S STATEMENT REGARDING MILESTONE FINANCIAL, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY INCLUDING IN REM RELIEF on the interested party(ies) in this action as follows:

Joyce K. Lau
60 N. Keeble Ave.
San Jose, CA 95126
joyce@fullerlawfirm.com

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent from olson.matt@dorsey.com to the person(s) at the e-mail address(es) listed above.

☒ **FEDERAL**: I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on March 17, 2020, at Fremont, California.

| Matthew J. Olson | /s/ Matthew J. Olson |
|---|---|
| (Type or print name) | (Signature) |